Filed 8/8/23  P. v. Abner-Decker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C097368 |
| Plaintiff and Respondent, | (Super. Ct. No. 62172438B) |
| v. | |
| MILYNN C. ABNER-DECKER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Milynn C. Abner-Decker filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## BACKGROUND

Defendant conspired with a codefendant to burglarize a vacant home, which was listed for sale, and she and her codefendant took several appliances and caused property damage. Defendant pled no contest to second degree burglary of a building (Pen. Code, § 459). At sentencing on May 3, 2021, in accordance with the plea agreement, the trial court suspended imposition of sentence, placed defendant on two years formal probation, ordered her to serve a 180-day jail term with one day credit, and allowed her to apply for alternative sentencing. The court dismissed the remaining count and reserved the matter of victim restitution. The court assessed a $300 restitution fine, a $300 probation revocation fine, a $40 court operations assessment, and a $30 criminal conviction assessment.

At the August 22, 2022, restitution hearing, the parties stipulated to restitution for some of the damages related to the burglary. The trial court then heard testimony about other losses incurred by the property owner and subsequently ordered additional restitution in the amount of $35,208.00 to be paid jointly and severally by defendant and her codefendant.

Defendant filed a timely notice of appeal but did not include a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

### DISPOSITION

The judgment is affirmed.

                                         /s/                         
                                   HORST, J.*

We concur:

         /s/                         
EARL, P. J.

         /s/                         
DUARTE, J.

---

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.